UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRENCHIE BOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:14CV503 RWS |
| | ) |
| UNKNOWN SMITH, | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for request of review of judgment and to reopen the present action [Doc. #3]. After reviewing plaintiff's motion and the entirety of the record in this case and *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.), the Court will deny plaintiff's motion for the following reasons.

**Background**

Plaintiff, an inmate at Missouri Eastern Correctional Center ("MECC"), filed the instant action on March 19, 2014, against four correctional officers: Unknown Smith, T. Lee, Unknown Sannders, and Betty Barns. In his complaint for monetary damages and injunctive relief, brought pursuant to 42 U.S.C. § 1983, plaintiff asserted that when he was incarcerated as a pretrial detainee at St. Louis County Justice Center in Clayton, Missouri, he was subjected to excessive force by defendant Smith and the other named defendants failed to intervene on his behalf.

In the introductory paragraphs of plaintiff's March 19, 2014 complaint, plaintiff stated that he "had" a prior case before this Court, *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.), which was dismissed, without prejudice, pursuant to Fed.R.Civ.P.41(b). However, upon review of the Court's docket, the Court found that this case was still open and had a

deadline of March 21, 2014, by which plaintiff was required to file an amended complaint. In light of the Court's interest in judicial economy, the Court ordered the Clerk to copy plaintiff's complaint and file it as an amended complaint in plaintiff's prior case. The Court then administratively terminated the present action, given that it appeared the case was duplicative of the *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.) action.

## Discussion

In plaintiff's motion for review of judgment, he claims that the Court's action in transferring his complaint to the *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.) case was an "arbitrary intrusion by officials." He asserts that the Court's action of filing his complaint in his ongoing action was an improper joinder of claims and a "departure from the norm."

Although the complaint plaintiff submitted to the Court on March 19, 2014, did not have a case number written in the caption of the complaint, the Court was required to review the complaint, and its own docket, to determine if the claims in the complaint matched any of the open cases currently on its docket before allowing the aforementioned case to proceed on its docket. *See* 28 U.S.C. § 1915.[1]

Indeed, plaintiff's claims in his March 19, 2014 complaint filed in this action referred to the exact same August 2011 allegations in the St. Louis County Jail referenced in the original complaint filed in the *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.) case. Because plaintiff asserted in the March 19, 2014 complaint that he believed that his 4:13CV2130 RWS case had been closed, the Court informed plaintiff that the case was still open, but in need

---

[1]Plaintiff indicated in his complaint that he was indigent and would be seeking leave to proceed without paying the filing fee.

of an amended complaint, per the Court's January 31, 2014 Memorandum and Order [Doc. #4]. *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.).

"Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). Simply put, it would have been a waste of judicial resources to open a new case concerning duplicative claims when plaintiff already had one pending before this Court. *See, e.g., Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). As such, the Court will deny plaintiff's motion for review of judgment and to reopen the present action.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for review of judgment and to reopen the present action [Doc. #3] is **DENIED**.

Dated this 11th day of April, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that *Bond v. St. Louis County Jail*, 4:13CV2130 RWS (E.D. Mo.) is still currently pending before this Court.